## UNITED STATES COURT OF INTERNATIONAL TRADE

### BEFORE THE HONORABLE JENNIFER CHOE-GROVES

|  |  |  |
|---|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, THAI PREMIUM PIPE COMPANY LTD., AND PACIFIC PIPE PUBLIC COMPANY LIMITED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Consol. Court No. 18-00214 |
| UNITED STATES, | ) ) | **PUBLIC DOCUMENT** |
| Defendant, | ) ) | |
| and | ) ) | |
| WHEATLAND TUBE COMPANY, | ) ) | |
| Defendant-Intervenor. | ) ) | |

## DEFENDANT-INTERVENOR WHEATLAND TUBE COMPANY'S COMMENTS ON COMMERCE'S SECOND REDETERMINATION ON REMAND

Roger B. Schagrin
Elizabeth J. Drake
SCHAGRIN ASSOCIATES
900 7th Street NW, Suite 500
Washington, D.C. 20001
(202) 223-1700
*Counsel to Wheatland Tube Company*

Dated:  April 30, 2021

**TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................................1

II.   COMMENTS..................................................................................................................1

III.  CONCLUSION................................................................................................................3

I.    **INTRODUCTION**

On behalf of Defendant-Intervenor Wheatland Tube Company ("Wheatland"), we hereby submit comments in support of the decision by the U.S. Department of Commerce ("Commerce") to only submit its remand determination under respectful protest pursuant to the remand ordered by the U.S. Court of International Trade in *Saha Thai Steel Pipe Co., Ltd., et al. v. United States*, Consol. Court No. 18-214, Slip Op. 20-181 (Ct. Int'l Trade Dec. 21, 2020) ("*Saha Thai II*").

II.    **COMMENTS**

In its original determination, Commerce correctly determined that a particular market situation ("PMS") existed in Thailand during the period of review ("POR") that distorted the cost of producing circular welded pipe and tube ("CWP"), and Commerce adjusted mandatory respondents' costs of production accordingly. *See Circular Welded Carbon Steel Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review; 2016-2017*, 83 Fed. Reg. 51,927 (Dep't Commerce Oct. 4, 2018) and accompanying Issues and Decision Memorandum ("Final IDM") at 3 – 14, P.R. Doc 143.[1] In its first decision in this appeal, the Court did not address the merits of Commerce's affirmative PMS finding. *See Saha Thai Steel Pipe Co., Ltd., et al. v. United States*, Court No. 18-00214, Slip Op. 19-165 (Ct. Int'l Trade Dec. 18, 2019) ("*Saha Thai I*"). The Court did, however, rule that the statute did not permit Commerce to adjust respondents' costs of production for the purposes of the sales-below-cost test to account for the PMS that was found to exist. *Id.* at 10 – 14.

In its First Remand Results issued pursuant to *Saha Thai I*, Commerce continued to find that a PMS existed that distorted the cost of producing CWP in Thailand. *See* Final Results of Redetermination Pursuant to Remand (Mar. 10, 2020) ("First Remand Results"), ECF No. 62,

[1] Citations to the administrative record indicate the public record document numbers ("PR Doc.").

63. Based on this finding, Commerce rejected all of the respondents' home market sales and used constructed value for normal value. *Id*. In *Saha Thai II*, the Court found that "Commerce's exclusion of home market sales due to distortions in the cost of production is not authorized by the statute." *Saha Thai II* at 12. Thus, the Court remanded this matter to Commerce again with directions to "remove the particular market situation determination" and "recalculate the respondents' weighted-average dumping margins without disregarding home market sales from the calculation of normal value on that basis." *Id*. at 3.

In its Second Remand Results, Commerce has complied with the Court's order in *Saha Thai II* and recalculated the weighted-average dumping margin for each of the respondents without finding that all of the home market sales for each respondent are outside of the ordinary course of trade. *See* Final Results of Redetermination Pursuant to CIT Order (Mar. 15, 2021), ECF No. 83. However, Commerce has filed its Remand Results under respectful protest, because the agency continues to find that a cost-based PMS existed during the period of review that distorted the cost of hot-rolled coil used in the production of CWP in Thailand. *Id*. at 1 – 2.

For the reasons contained in Wheatland's original response brief to the Court, and in its comments on the first remand results, Wheatland continues to respectfully disagree with the Court's conclusion that Commerce may not adjust costs to account for a cost-based PMS in this case. *See* Wheatland Response Brief (July 29, 2020), ECF No. 42. *See also* Wheatland Comments on Remand results (May 26, 2020), ECF No. 69. In particular, Wheatland agrees with Commerce's reasoning in the First Remand Results that: (1) the statute requires any home market prices used as the basis of normal value be in the ordinary course of trade (*see* 19 U.S.C. § 1677b(a)(1)(B)(i)); (2) the statute directs Commerce to consider any sales and transactions occurring in situations in which a PMS prevents a proper comparison with export price to be

*outside the ordinary course of trade (see* 19 U.S.C. § 1677(15)(C)); and (3) comparing home market sales to a cost of production that does not accurately reflect production costs in the ordinary course of trade fails to accomplish the intent of the sales-below-cost test, which is to determine which home market sales were made in the ordinary course of trade. First Remand Results at 6 – 11. Indeed, the statute directs that whenever any sales are disregarded as the result of the sales-below-cost test, normal value shall be based on any remaining sales made in the ordinary course of trade, or, if no such sales remain, constructed value. *See* 19 U.S.C. § 1677(b)(1).

Thus, if Commerce cannot use the sales-below-cost test to determine which sales were made in the ordinary course of trade as a result of the Court's order in *Saha Thai I*, its only other option was to rely on constructed value, as Commerce did in the First Remand Results. Now that the Court has also disallowed this methodology to account for the cost-based PMS in Thailand, *Saha Thai II*, Commerce had no other choice than to remove the PMS adjustment altogether. We therefore agree with their decision to do so under protest.

## III.   CONCLUSION

In conclusion, for the reasons reviewed above, because Wheatland respectfully disagrees with this Court's opinions in *Saha Thai I* and *Saha Thai II*, we agree with Commerce's decision to only comply with the Court's remand order under protest.

Please contact the undersigned with any questions regarding this submission.

Respectfully Submitted,

/s/ Elizabeth J. Drake
Roger B. Schagrin
Elizabeth J. Drake
SCHAGRIN ASSOCIATES
*Counsel to Wheatland Tube Company*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that these comments comply with the word count limitation of the U.S. Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains 916 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I relied on the word count function of the word processing software used to produce this brief.

<u>/s/ Elizabeth J. Drake</u>

Dated: April 30, 2021