Slip Op. 21-118

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,<br><br>    Plaintiff,<br><br>and<br><br>THAI PREMIUM PIPE COMPANY LTD. and PACIFIC PIPE PUBLIC COMPANY LIMITED,<br><br>    Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>WHEATLAND TUBE COMPANY,<br><br>    Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 18-00214 |

# OPINION

[Sustaining the U.S. Department of Commerce's second remand results in the 2016–2017 administrative review of the antidumping duty order on circular welded carbon steel pipes and tubes from Thailand.]

Dated: September 17, 2021

Daniel L. Porter, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, D.C., for Plaintiff Saha Thai Steel Pipe Public Company Limited.

Robert G. Gosselink, Jonathan M. Freed, and Aqmar Rahman, Trade Pacific PLLC, of Washington, D.C., for Consolidated Plaintiff Thai Premium Pipe Company Ltd.

Lizbeth R. Levinson, Ronald M. Wisla, and Brittney R. Powell, Fox Rothschild LLP, of Washington, D.C., for Consolidated Plaintiff Pacific Pipe Public Company Limited.

In K. Cho, Trial Attorney, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With them on the brief were Brian M. Boynton, Acting Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief was Brendan S. Saslow, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Roger B. Schagrin and Elizabeth J. Drake, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Wheatland Tube Company.

Choe-Groves, Judge: Plaintiff Saha Thai Steel Pipe Public Company Limited ("Saha Thai") and Consolidated Plaintiffs Thai Premium Pipe Company Ltd. ("Thai Premium") and Pacific Pipe Public Company Limited ("Pacific Pipe") filed this consolidated action challenging the final results published by the U.S. Department of Commerce ("Commerce") in the 2016–2017 administrative review of the antidumping duty order on circular welded carbon steel pipes and tubes from Thailand. See Circular Welded Carbon Steel Pipes and Tubes from Thailand ("Final Results"), 83 Fed. Reg. 51,927 (Dep't of Commerce Oct. 15, 2018) (final results of antidumping duty admin. review; 2016–2017); see also Decision Mem.

for the Final Results of Antidumping Duty Admin. Review; 2016–2017 (Oct. 4, 2018), PR 143.  Before the Court are the Final Results of Redetermination Pursuant to CIT Order, ECF No. 83 ("Second Remand Results"), which the Court ordered in Saha Thai Steel Pipe Public Co. v. United States ("Saha Thai II"), 44 CIT __, 487 F. Supp. 3d 1323 (2020).  For the reasons discussed below, the Court sustains the Second Remand Results.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history set forth in its prior opinions and recounts the facts relevant to the Court's review of the Second Remand Results.  See Saha Thai Steel Pipe Pub. Co. v. United States ("Saha Thai I"), 43 CIT __, __, 422 F. Supp. 3d 1363, 1365–67 (2019); Saha Thai II, 44 CIT at __, 487 F. Supp. 3d at 1326–27.

The Court concluded in Saha Thai I that Commerce's particular market situation adjustment to the cost of production for the purpose of the sales-below-cost test was not in accordance with the law and remanded to Commerce for further consideration.  43 CIT at __, 422 F. Supp. 3d at 1369–70, 1371.  Because the Court concluded that the particular market situation adjustment was not in accordance with the law, the Court did not consider whether the particular market situation adjustment, without a duty drawback adjustment for Saha Thai, was supported by substantial evidence; and whether Commerce conducted the

underlying administrative review in a fair and impartial manner in accepting the particular market situation allegation submitted by Wheatland Tube Company and in the opportunity Commerce gave to interested parties to offer information.  Id. at __, 422 F. Supp. 3d at 1371–72.

In the Final Results of Redetermination Pursuant to Remand, ECF Nos. 62, 63 ("Remand Results"), filed under respectful protest, Commerce made a particular market situation determination under 19 U.S.C. § 1677(15)(C), disregarded all home market sales without conducting a sales-below-cost test, and calculated normal value based on constructed value.  Remand Results at 1–2, 7–8.  Commerce also made a particular market situation determination under 19 U.S.C. § 1677b(e) and calculated constructed value with an adjustment to the cost of production as an alternative calculation methodology.  Id. at 8–11.  The Court concluded in Saha Thai II that Commerce's exclusion of home market sales, Commerce's particular market situation determination under 19 U.S.C. § 1677(15)(C), Commerce's particular market situation determination under 19 U.S.C. § 1677b(e), and Commerce's application of an alternative calculation methodology under 19 U.S.C. § 1677b(e) were not in accordance with the law and remanded.  44 CIT at __, 487 F. Supp. 3d at 1331–35.

On second remand, Commerce "continue[d] to find that a particular market situation existed in Thailand during the period of review that distorted the price of

hot rolled coil." Second Remand Results at 1–2, 5. Under respectful protest, however, Commerce recalculated the dumping margins without a particular market situation adjustment. Id. at 2, 5–6.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final results of an administrative review of an antidumping duty order. The Court shall hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i). The Court also reviews determinations made on remand for compliance with the Court's remand order. Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

Saha Thai, Pacific Pipe, and Defendant United States ask the Court to sustain the Second Remand Results. Pl.'s Comments Supp. Remand Redetermination Results at 2, ECF No. 87; Consol. Pl.'s Comments Supp. Remand Redetermination Results at 2, ECF No. 88; Def.'s Comments Supp. Second Remand Results at 2, ECF No. 89. Defendant-Intervenor Wheatland Tube Company supports Commerce's redetermination filed under protest. See Def.-

Interv. Wheatland Tube Company's Comments Commerce's Second Redetermination Remand at 3, ECF No. 86.  No party filed comments opposing the Second Remand Results.

The U.S. Court of Appeals for the Federal Circuit has held that when Commerce advocates a position zealously and must abandon that position in order to comply with a ruling of the U.S. Court of International Trade, Commerce preserves its right to appeal if it adopts a complying position under protest.  See Viraj Grp., Ltd. v. United States, 343 F.3d 1371, 1376 (Fed. Cir. 2003).  In this case, under protest, Commerce recalculated the weighted-average dumping margins for Pacific Pipe, Saha Thai, and Thai Premium without a particular market situation adjustment.  Second Remand Results at 5–6.  The weighted-average dumping margins changed from 30.61% to 7.38% for Pacific Pipe, 28% to 0% for Saha Thai, and 30.98% to 5.23% for Thai Premium.  Id. at 6.  Commerce's recalculation of the weighted-average dumping margins without a particular market situation adjustment, under protest, is consistent with the Court's prior opinions and orders in Saha Thai I and Saha Thai II.

Commerce maintained its determination that a particular market situation distorted the cost of production.  Second Remand Results at 1–3, 5–6.  The reiterated determination has no effect on the dumping margins because Commerce recalculated the dumping margins without a particular market situation adjustment.

No party challenges the determination.

Because the Court sustains Commerce's removal of the particular market situation adjustment, consideration of Commerce's reiterated particular market situation determination in the Second Remand Results would have no practical significance and is mooted. See Morton Int'l, Inc. v. Cardinal Chem. Co., 967 F.2d 1571, 1574 (Fed. Cir. 1992) (Nies, C.J., dissenting from the orders declining suggestions for rehearing en banc) (citations omitted) ("An issue is also said to be 'mooted' when a court, having decided one dispositive issue, chooses not to address another equally dispositive issue."); Daewoo Elecs. Co. v. Int'l Union of Elec., Elec., Tech., Salaried & Mach. Workers, 6 F.3d 1511, 1513 (Fed. Cir. 1993) ("[O]ur disposition of the tax incidence issue moots two other issues . . . .").

The Court sustains the Second Remand Results without considering Commerce's reiterated particular market situation determination in the Second Remand Results.

## CONCLUSION

The Court sustains the Second Remand Results.

Judgment will be entered accordingly.

                                        /s/ Jennifer Choe-Groves
                                       Jennifer Choe-Groves, Judge

Dated: September 17, 2021
       New York, New York